**Marie BARRICK, on her behalf and as mother and next friend of Carla Barrick, a minor child, and Carl Barrick, on his own behalf and as father and next friend of Carla Barrick, a minor child, Plaintiffs and Appellants,**

v.

**William D. JOHNSON, Director of Public Health Statistics, State of South Dakota, in his official capacity, and Pauline Fjelstad, Supervisor of Vital Registration, State of South Dakota, in her official capacity, Defendants and Respondents.**

**No. 12579.**

Supreme Court of South Dakota.

Dec. 24, 1979.

Rebecca Janowitz, Yvette M. Hall and Anita Remerowski of South Dakota Legal Services, Batesland, for plaintiffs and appellants.

John P. Guhin, Asst. Atty. Gen., Pierre, for defendants and respondents; William J. Janklow, Atty. Gen., Pierre, on the brief.

WOLLMAN, Chief Justice.

Appellants, Marie and Carl Barrick, the adoptive parents of Carla Barrick, sued the

Department of Health, Division of Public Health Statistics (Department) on Carla's behalf to compel the Department to issue a state birth certificate based on adoption proceedings held in the Pine Ridge Tribal Court. The Department refused to issue the certificate because the adoption occurred in tribal court. The trial court entered a judgment dismissing appellants' action. We reverse and remand.

Carla Barrick was born at Pine Ridge, South Dakota. The attending physician filed a birth certificate in the name of Geraldine Faye Warrior directly with the State Department of Health. A birth certificate was issued in that name. Carla's natural mother determined that she was unable to care for the child and consented to termination of parental rights. The infant became a ward of the Oglala Sioux Tribal Court. A tribal court entered an order granting the Barrick's petition of adoption for the infant. The order also provided that the infant's name be changed to Carla Marie Barrick. No copy of this order was filed with the Department as required by SDCL 34–25–16.

Five years later public school officials informed Mrs. Barrick that Carla should have a new birth certificate displaying the name under which the child was to be enrolled in school. The Department refused to issue the certificate, and appellants commenced this action. It was undisputed that the 1972 tribal court adoption order had not been filed with the Department pursuant to statute. Accordingly, appellants returned to the Pine Ridge tribal court to commence a second adoption proceeding. At the time of this second proceeding, the Barrick family no longer resided on the Pine Ridge Reservation. Following the second tribal court adoption action, the Department persisted in its refusal to issue a birth certificate based on the tribal court adoption order.

SDCL 34–25–16.1 provides: "If the birth occurred in South Dakota, the state department of health shall cause to be made a new certificate of birth in the new name of the child and with the name or names of the adopting person or persons . . . ."

Appellants contend that this statute requires the Department to recognize a tribal court adoption order for the purpose of issuing a new birth certificate. The Department argues, however, that it is not authorized by statute to issue a new birth certificate on the basis of a tribal court order of adoption. It bases its argument on SDCL 34–25–16, which requires the clerk of courts to forward to the Department the information necessary to establish a new birth certificate, and SDCL 16–2–27, which states the duties of "duly elected or appointed clerks of courts." Concluding that the term "clerk of courts" used in these statutes includes only state clerks of courts and does not include tribal clerks of courts, the Department contends that *ipso facto* the legislature meant to say that a tribal court's decrees are not automatically recognized by state courts but rather must be expressly recognized by statute to merit recognition by state courts.

The Oglala Sioux Tribal Court had exclusive jurisdiction to order Carla Barrick's adoption. *Fisher v. District Court,* 424 U.S. 382, 96 S.Ct. 943, 47 L.Ed.2d 106 (1976). It is our opinion that this fact distinguishes the order in question from other tribal court orders that may be denied recognition by a state. See, e. g., *Lohnes v. Cloud,* 254 N.W.2d 430 (N.D.1977), in which the North Dakota Supreme Court held that an unsatisfied tribal court judgment did not qualify for payment under North Dakota's unsatisfied judgment fund statute because that statute required the judgment to be recovered in a state court. SDCL 34–25–16.1 does not contain words of limitation such as those in the North Dakota statute.

■ We do not view the Department's position as including an attack on the validity of this particular adoption decree. Thus, we do not reach the question of the alleged deficiencies in tribal court adjudicatory and record-keeping procedures, for we consider the present case to involve only a very narrow issue of statutory interpretation. Likewise, we do not address the constitutional issues raised by appellants. We hold only that a decree of adoption validly

granted by a tribal court to one of its wards must be honored by the State Department of Health for the purpose of granting a new birth certificate to the adopted child.

Accordingly, the judgment is reversed and the case is remanded to the trial court with instructions to order the Department to honor the tribal court adoption order in its consideration of appellants' application for a new birth certificate. Whether the tribal court adoption order contains sufficient information for the Department's requirements is a matter for the Department's determination.

DUNN, MORGAN and FOSHEIM, JJ., concur.

HENDERSON, Justice, dissents.

HENDERSON, Justice (dissenting).

I dissent and would affirm the judgment of the trial court granting summary judgment to the respondent.

By judicial fiat, this court substitutes its will for that of the legislature. The State Department of Health is not authorized by state law, either implicitly or explicitly, to issue a new birth certificate on the basis of a tribal court order of adoption.

An agency of state government has no more power than is delegated to it by the legislature. An agency does not create power in itself; only the legislature can create power in the agency. This fundamental principle was addressed by this court in *In Re Opinion of the Judges,* 66 S.D. 622, 627, 287 N.W. 581, 583 (1939), concerning the Rural Credit Board: "It is fundamental that this board cannot act beyond the limit of the authority conferred upon it." Thus, the State Department of Health cannot be mandated by this court to accomplish an act that it has not been empowered to perform.

The state has a compelling public interest in the integrity and control of its own vital statistics and records. SDCL 34–25–16 refers to a clerk of courts—not a tribal clerk of courts. The duties of a "clerk of courts," set forth in SDCL 16–22–7, encompasses only state clerks of court which does not include tribal clerks of court. It has been deemed by our legislature that automatic recognition not be granted to tribal court orders. The majority opinion has deleted the last crucial sentence of SDCL 34–25–16.1 which provides: "The birth certificate shall be prepared in accord with the facts as found and entered by the court." It is evident that judicial intervention by a state judge is essential before a decree of adoption by a tribal court is recognized by the State Department of Health.

A further indication that the legislature does not deem that automatic recognition be given to tribal court orders is found in SDCL 28–7–13.1. That section is captioned "Tribal court orders regarding Indian children" and reads as follows:

> For the purpose of administration of programs under the Social Security Act, amended as of February 21, 1978, by the department of social services, the department is authorized to honor tribal court adjudicatory and dispositional orders regarding the delinquency, neglect and dependency of Indian children under the jurisdiction of tribal courts.

The legislature decided it was necessary to expressly set forth that certain orders of tribal courts be recognized by the Department of Social Services. The legislature has never given this type of authority to the Department of Health. If the legislature desires to extend this authority to the state clerks of courts or State Department of Health, let it speak. Our duty is to interpret existing statutes—not create new ones.